UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FATHIREE ALI,

       Plaintiff,

v.                                                                  No. 19-10260

STEVEN SIMMONS, et al.,

       Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Fathiree Ali is a prisoner incarcerated at the Lakeland Correctional Facility, located in Branch County, Michigan. The pro se complaint names seven defendants, all of whom are Michigan Department of Corrections employees working at the Bellamy Creek Correctional Facility, located in Ionia County, Michigan. The complaint concerns events alleged to have occurred at the Bellamy Creek facility. For the reasons that follow, the case will be transferred to the United States District Court for the Western District of Michigan.

The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. § 1391." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). The general venue statute provides that:

    A civil action may be brought in—

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co.*, 571 U.S. at 55. If venue is not proper in the district where a case is filed, but would be proper in another district, "a district court has the power to sua sponte transfer [the] case" under section § 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Ionia County is part of the Western District of Michigan. 28 U.S.C. § 102(b)(1). The complaint alleges that all the defendants reside in Ionia County and that all the events forming the basis for the complaint occurred in Ionia County. Based on these facts, the case should have been filed in the Western District of Michigan, and the court concludes that the interests of justice would be served by transfer. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Accordingly,

IT IS ORDERED that the Clerk of the Court shall TRANSFER this case to the United States District Court for the Western District of Michigan.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: February 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 14, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\HEB\Staff Attorney\19-10260.ALI.transfer.to.WDMI.BEB.HEB.docx